HUGHES v. PHELPS, State Budget Director, et al.

No. 34927. Feb. 13, 1951.

*227 P. 2d 664.*

Streeter Speakman, Jr., Sapulpa, for plaintiff.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, First Asst. Atty. Gen., for defendants.

WELCH, J. It is a matter of record and is conceded that plaintiff, Kenneth Hughes, was regularly appointed and qualified as a district judge of the State of Oklahoma on December 20, 1949, and has since served as such judge of the 24th District.

It is also conceded that the salary fixed by law which plaintiff was entitled to receive for such judicial services was $7,200 per year, as provided by Senate Bill No. 165 of the 1949 Legislature, (74 O. S. Supp. §250 et seq.) which Act became effective on May 26, 1949.

The questions for our determination are whether there are funds available in the manner required and provided by law for the payment of such salary in full, and whether mandamus is the proper remedy.

It is conceded that funds are on hand and lawfully available to pay a portion of such salary in the sum of $5,000 per year, but the question is raised whether funds are lawfully available to pay the balance of said salary in the sum of $2,200 per year.

It is conceded that the 1949 Legislature duly appropriated the sum of $215,000 per year to pay salaries of the district judges of the state. There were at that time, and continuously up to the present time, 42 district judges, including plaintiff's predecessor up to his death, and including plaintiff since December 20, 1949. They have all been paid at the rate of $5,000 each per year, during all the period here involved out of the aforesaid appropriation.

It is observed that only $210,000 per year was required to pay the salaries of 42 district judges at $5,000. It is suggested that the Legislature, in appropriating $215,000 as aforesaid, did so to provide for 43 district judges at $5,000 per year each, in the belief that another district judgeship would be created soon thereafter, and in explanation of the total of $215,000, the Legislature did write as follows: "District Court Judges (43 at $5000.00 each annually.)"

However, the additional, or forty-third, judgeship was never created, with the result that a $5,000 balance remained after paying the judges, including the plaintiff, at the rate of $5,000 per year. That balance of $5,000 is more than sufficient to cover the salary balance of $2,200 legally due plaintiff.

The question is raised whether said $5,000, or any part thereof, may be so used and expended, and whether the appropriation of $215,000 was an appropriation of only $5,000 for each district judge.

We hold there was no thought or effort there to make separate appropriations to or for each of the then district judges of the state. Such appropriations are made for lawful purposes and not for the individual to whom the funds may be paid. The purpose of this appropriation was to pay salaries of district judges, and within that purpose any lawful amount or lawful salary could be paid to any and all legally elected or appointed district judges of the state.

It is contended, and apparently with merit, that aside from the above mentioned legislative appropriation, there existed an appropriation by operation of law to cover the full salary of plaintiff under the rule announced in Riley v. Carter, 165 Okla. 262, 25 P. 2d 666, and Edwards v. Carter, 167 Okla. 287, 29 P. 2d 610, and other decisions following those cited. And it is pointed out that there is a substantial surplus in the general fund of the state out of which the salary balance due plaintiff may be paid, and that such balance is over and above the legislative appropriation of $215,000 above mentioned, and over and above all appropriations made by the Legislature.

However, resort need not be had to such surplus in the general fund since the aforesaid balance of $5,000 remains unexpended of the legislative appropriation of $215,000.

For the reasons stated, we hold that there are funds on hand available in the manner provided by law more than sufficient to pay the plaintiff his full salary at the rate of $7,200 per year.

As to the second question, it has been held in the decisions above cited and others too numerous to cite, that the remedy of mandamus is a proper one and is available to plaintiff to compel payment to him of his full legal salary out of funds lawfully available for such purpose.

Therefore, for the reasons stated, it is ordered that writ of mandamus issue directing that plaintiff's claim be approved for any unpaid balance of his legal salary, and that necessary warrants be issued to pay plaintiff such legal salary in full.